# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **JENNIFER MONTEJO #26328-075,** | ) |
| Movant, | ) |
| | ) No. 3:22-cv-00219 |
| v. | ) Judge Trauger |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the court is pro se movant Jennifer Montejo's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence previously imposed by this court. (Doc. No. 1). Brooks is a federal prisoner housed at the Federal Correctional Institution in Aliceville, Alabama.

Pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) agreement, Montejo pleaded guilty to the following five counts: conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin, 400 grams or more of fentanyl, and 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (Count 1); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 2); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 3); possession with intent to distribute 100 grams or more of heroin and 400 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Count 4); and possession with intent to distribute 100 grams or more of heroin and 400 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Count 5). (Case No. 3:20-cr-00024-1, Doc. No. 51 at 1-2). The court sentenced the movant to a total term of 300

1

months' imprisonment—240 concurrent months for Counts 1, 2, 4 and 5, and 60 consecutive months for Count 3. (*Id*. at 3).

The Government has filed a Response to Montejo's Section 2255 motion, urging that she is not entitled to relief. (Doc. No. 6). For the following reasons, Montejo's motion will be denied.

**I. BACKGROUND**

On December 12, 2019, Montejo was charged by criminal complaint with one count of Possession with Intent to Distribute 100 grams or more of Heroin and 400 grams or more of Fentanyl. (Case No. 3:20-cr-00024-1, Doc. No. 1). On January 15, 2020, an Indictment was returned by the Grand Jury in the Middle District of Tennessee, charging Montejo with the same charge. (*Id*., Doc. No. 13). On November 18, 2020, a Superseding Information was filed, charging Montejo with the counts in the Indictment described above – four additional counts – and a forfeiture allegation. (*Id*., Doc. No. 35).

Pursuant to a plea agreement, Montejo waived Indictment and entered a plea of guilty to the charges in the Superseding Information. (*Id*., Doc. Nos. 38, 39, 40, 41). On March 26, 2021, Montejo was sentenced as agreed to 300 months in custody. (*Id*., Doc. No. 50). The Judgment was filed on March 30, 2021. (*Id*., Doc. No. 51). Montejo did not appeal her sentence. Montejo's appointed counsel at all times in this litigation was Robert L. Parris, Esq.

On March 29, 2022, Montejo filed a pro se motion pursuant to 28 U.S.C. § 2255, seeking relief in the form of a vacated or amended judgment. In her motion, Montejo alleges that trial counsel was ineffective for failing to file a motion to suppress evidence obtained from an illegal search of a vehicle and for telling her that she could not file an appeal. (Doc. No. 1 at PageID#

3). In what could be construed as a third claim,[1] Montejo alleges that she was "not allowed to plead not guilty." (*Id*. at PageID# 1). The Government filed a Response to the petition. (Doc. No. 6). Montejo filed a Reply (Doc. No. 10) and Affidavit in support of her Reply (Doc. No. 11).

Twenty-eight months later, Montejo filed a Motion to Supplement her Section 2255 motion. (Doc. No. 16). She does not explain why she seeks permission to supplement her motion or why she waited over two years to do so. The Government's Response to Montejo's initial motion has been pending since August 1, 2022.[2] Montejo was given an opportunity to amend or supplement her motion in April 2022, and she declined to do so. She already has filed a Reply to the Government's Response. The court finds that, under these circumstances, it is not appropriate to permit Montejo to supplement her motion at this late date. The Motion to Supplement (Doc. No. 16) is **DENIED**.

This matter is now ripe for review.

**II. STANDARD FOR REVIEWING SECTION 2255 MOTIONS**

A prisoner in custody under a sentence of a federal court may move the court to vacate, set aside, or correct his sentence on certain grounds, including that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). It is well established that, "[t]o prevail under § 2255, a defendant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or jury's verdict" or "must show a fundamental defect in his sentencing which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Wright v. Jones*, 182 F.3d 458, 463 (6th Cir. 1999) (internal quotation marks omitted).

---

[1] Montejo does not list a third ground for relief in her petition, but she includes this allegation in the procedural history section of her Section 2255 petition. (*See* Doc. No. 1 at PageID# 1). Respondent understands this allegation to assert a third ground for relief and responds to it in his Response. (*See* Doc. No. 6 at PageID# 22).
[2] Because of an error in chambers, this case has languished way too long on the docket.

In Section 2255 proceedings, it is the movant's burden to show his entitlement to relief. *See Potter v. United States*, 887 F.3d 785, 787-88 (6th Cir. 2018).

With the exception of a claim of ineffective assistance of counsel, a defendant procedurally defaults a claim by failing to raise it on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Under the doctrine of procedural default, a defendant who fails to raise an issue on direct appeal may not raise that issue in a Section 2255 motion unless he can demonstrate (1) cause and prejudice to excuse his failure or (2) his actual innocence. *See Huff v. United States*, 734 F.3d 600, 605-06 (6th Cir. 2013). The element of cause requires "good cause" for the movant's failure to raise his claims on direct appeal, and the element of prejudice requires the movant to show that he "would suffer prejudice if unable to proceed" with those claims. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). The Sixth Circuit has held that a movant demonstrates actual prejudice by showing that an error "worked to his actual and substantial disadvantage." *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993). The Sixth Circuit made clear in *Bousley* that "'actual innocence' means factual innocence, not merely legal insufficiency." 523 U.S. 614, 623. Additionally, "[i]n cases where the [g]overnment has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id*. at 624. A movant's factual innocence must be shown "in light of all the evidence, including the undisputed circumstances described in the presentence report" and plea agreement. *Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011).

## III. ANALYSIS

Rule 8 of the Rules Governing Section 2255 Proceedings contemplates that a Section 2255 motion may be resolved by the district court without a hearing. Rule 8(a) provides in relevant part: "If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." *Id*. Rule 7 of the Rules Governing Section 2255 Proceedings permits expansion of the record with additional materials relating to the motion, such as letters predating the filing of the motion, documents, exhibits, answers under oath to interrogatories and affidavits.

"An evidentiary hearing 'is required unless the record conclusively shows that the petitioner is entitled to no relief.'" *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)). "Bald assertions and conclusory allegations" do not provide grounds to warrant requiring the government to respond to discovery or to require an evidentiary hearing. *Thomas v. United States*, 849 F.3d 669, 681 (6th Cir. 2017).

Here, considering the record before it, as well as the record in Case No. 3:20-cr-00024-1, the court concludes that no evidentiary hearing is necessary prior to ruling on Montejo's instant Section 2255 motion.

The court turns now to the merits of Montejo's motion. Montejo asserts three claims: trial counsel was ineffective for failing to file a motion to suppress evidence obtained from an illegal search of a vehicle and for telling her that she could not file an appeal, and that Montejo was not allowed to enter a plea of not guilty.

### A. Ineffective Assistance Claims

To prevail on a claim for ineffective assistance of counsel, the movant bears the burden of showing, first, "that his counsel provided deficient performance," and second, that "the deficient performance prejudiced [his] defense." *Sylvester v. United States*, 868 F.3d 503, 509-10 (6th Cir. 2017) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Counsel's performance is deficient where it falls "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

To establish prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. "In making this showing, '[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Sylvester*, 868 F.3d at 511 (quoting *Strickland*, 466 U.S. at 693). Instead, the movant "must show that 'counsel's errors were so serious as to deprive the [movant] of a fair trial, a trial whose result is reliable.'" *Id*. (quoting *Strickland*, 466 U.S. at 687). "[A] court deciding an ineffective assistance claim" need not "address both components of the inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

1. *Trial counsel was ineffective for failing to file a motion to suppress evidence obtained from an illegal search of a vehicle*

Montejo first alleges that trial counsel was ineffective for failing to file a motion to suppress evidence obtained from an illegal search of a vehicle. Specifically, Montejo alleges that she wanted to raise suppression issues with respect to Counts 1, 2, 3, and 4 of the Superseding Information, and trial counsel refused to do so on her behalf. (Doc. No. 1 at PageID# 3).

In support of its Response, the Government filed the Affidavit of Robert L. Parris, Montejo's attorney. In his Affidavit, Mr. Parris states that he "absolutely discussed the possible suppression issues with Ms. Montejo regarding the state case that involved the traffic stop referred by her in her Petition." (Doc. No. 6-1 at PageID# 24). He explains that Montejo was only charged with Counts 1, 2, 3, and 4 after she agreed to plead guilty, and her plea to these four counts "effectively ensure[d] that the state case would be dropped." (*Id*. at PageID #24-25). The original count she was charged with via federal complaint and subsequent Indictment became the eventual Count 5 of the Superseding Information. (*Id*.) Therefore, as Mr. Parris explains in his affidavit, any suppression issues related to the state charges that became Counts 1, 2, 3, and 4 could not have been raised in federal court early in his representation. (*Id*. at PageID# 24-25). And they could not be raised later because she agreed to plead to those formerly state charges.

Montejo has not met her burden of showing that counsel provided deficient performance. Assuming arguendo that Montejo met this burden, Montejo has not shown prejudice. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. The movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Montejo has not done so. This claim fails.

### 2. *Trial counsel was ineffective for telling Montejo that she could not file an appeal*

Montejo next alleges that trial counsel was constitutionally ineffective for telling Montejo that she "was not allowed to appeal [her] case." (Doc. No. 1 at PageID# 3).

"[A]n attorney performs deficiently if, after consulting with his client, he 'disregards specific instructions' from his client 'to file a notice of appeal'—'a purely ministerial task.'" *Pola v. United States*, 778 F.3d 525, 533 (6th Cir. 2015) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). Here, however, Montejo has not presented any evidence that she asked counsel to file a notice of appeal, nor does she explain on what grounds she would have been successful had she appealed. Mr. Parris explains in his Affidavit that he told Montejo that "she was waiving her right to appeal her plea and sentence as was spelled out in her Plea Agreement and explained at her Change of Plea Hearing." (Doc. No. 6-1 at PageID# 25). *Cf. Dority v. United States*, No. 1:23-cv-323, 2024 WL 4403820, at *2 (W.D. Mich. Oct. 4, 2024) (finding defense attorney's affidavit to be credible in which counsel stated that habeas petitioner had not directed attorney to file notice of appeal, despite petitioner's uncorroborated insistence to the contrary).

Nor has Montejo established that, had counsel appealed, Montejo's sentence would have been different. She does not assert that her agreement for a reduced sentence was entered unknowingly and involuntarily. Montejo received a sentence below the recommended Guidelines range, which for several counts was life. Thus, Montejo has failed to demonstrate that counsel was ineffective for telling her that she could not appeal. This ineffective-assistance-of-counsel claim fails, like the first one.

### B. Claim that Montejo Was "Not Allowed" to Enter a Not Guilty Plea

Montejo's third and final claim is that she was "not allowed to plead not guilty." (Doc. No. 1 at PageID# 1). The record partially belies her assertion, however. Montejo pled not guilty

8

to the Indictment on January 22, 2020 (Case No. 3:20-cr-00024-1, Doc. No. 16). She pled not guilty to the Superseding Information on November 23, 2020. (*Id.*, Doc. No. 37). Then Montejo waived Indictment and pled guilty to the Superseding Information, in connection with a plea agreement. Thus, Montejo entered two pleas of not guilty before she ultimately decided to accept the plea agreement offered by the Government.

In his Affidavit, Mr. Parris states that, when he presented the Government's 11(c)(1) agreement to Montejo, "she accepted without hesitation." (Doc. No. 6-1 at PageID# 25). Mr. Parris explained that he was "quite surprised that she was so immediate and adamant in her desire to proceed with the plea agreement" but she told Mr. Parris that "she had done her Guideline research and felt that the proposed plea agreement would be in her best interest." (*Id.*) Mr. Parris stated that he believed Montejo waived her rights intelligently and knowingly "and is frankly surprised by the Petition. She at no time seemed even remotely confused or uncertain about the settlement." (*Id.*)

To the extent Montejo alleges that she did not knowingly and voluntarily enter into a plea agreement, a guilty plea cannot be knowing and voluntary unless entered with the defendant's full understanding of the charges against her and the possible consequences of her plea. *Brady v. United States*, 397 U.S. 742, 748 (1970).

Montejo's plea agreement specified that she had consulted with her attorney and fully understood all rights with respect to the pending Indictment and Superseding Information; that she had read the plea agreement and carefully reviewed every part of it with her attorney; she understood the plea agreement; and she voluntarily agreed to it. (Crim. 3:20-cr-00024, Doc. No. 41 at PageID# 91).

The agreement stated that Montejo understood she was facing a sentence of imprisonment of 300 months (25 years) and a term of supervised release of at least five years in addition to such term of imprisonment. (*Id*. at PageID# 85).

Montejo agreed in the plea agreement that the court could impose any lawful term of imprisonment up to the statutory maximum. (*Id*. at PageID# 85-86). She further acknowledged the rights she was giving up by pleading guilty. (*Id*. at PageID# 89-90).

In accepting Montejo's guilty plea on March 26, 2021, the court engaged in the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. (Case No. 3:20-cr-00024 at Doc. No. 56). The court first advised Montejo of the elements of the crimes to which she was pleading guilty and which the government would be required to prove beyond a reasonable doubt. (*Id*. at PageID# 170-72). The court asked Montejo if she had told her lawyer everything she knew about the facts upon which the charges are based; if she and her lawyer had talked about what the government would have to prove beyond a reasonable doubt in order for a jury to find her guilty; and if she had discussed any possible defenses with her lawyer, all to which Montejo answered "yes". (*Id*. at PageID# 172-73). The court asked if she was satisfied with her lawyer, to which Montejo answered "yes", and if she had complaints about her lawyer, to which Montejo answered "no". (*Id*.)

The court informed Montejo of the maximum possible penalty provided by law, as well as the mandatory minimum sentence, and Montejo confirmed that she understood. (*Id*.) The court then advised Montejo of the rights she was giving up by pleading guilty and confirmed that Montejo still wanted to plead guilty. (*Id*. at PageId# 175, 180).

The court specifically asked whether anyone had forced her to plead guilty; she answered "No, ma'am." (*Id*. at PageID# 181). She also answered "No, ma'am" to the question of whether

anybody put any pressure on her in any way to make her plead guilty. (*Id*.) The court asked if anyone had promised Montejo anything if she plead guilty, and Montejo answered "No, ma'am." (*Id*.)

At the court's request, the government stated on the record the factual basis for the plea. (*Id*. at PageID# 182-99). Upon questioning by the court, Montejo agreed with the government's summary of the facts and stated that she was pleading guilty because she was in fact guilty. (*Id*. at PageID# 200-04). The court next determined that Montejo was competent to enter a guilty plea, as follows:

> The Court has observed the appearance of Ms. Montejo and her responsiveness to the questions asked. Based upon that observation and the answer to the questions, the Court is satisfied that Ms. Montejo is in full possession of her faculties and competent to plead guilty. She is not under the apparent influence of narcotics, hallucinogens, or alcohol. She understands the nature of the charges to which her plea is offered and the mandatory minimum penalties and maximum possible penalties provided by law.

(*Id*. at PageID# 203-04).

The Sixth Circuit Court of Appeals has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced or is otherwise illegal where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [her] rights." *United States v. Parker*, 292 F.2d 2, 3 (6th Cir. 1961); *see Bishop v. United States*, Nos. 3:05-cr-035, 3:10-cv-089 , 2013 WL 77860, at *4-5 (E.D. Tenn. Feb. 28, 2013) (finding that movant could not now allege that his guilty plea was not knowing and voluntary, or was otherwise invalid, where the record reflected that movant knowingly and voluntarily signed the plea agreement and pleaded guilty) (citing *States*). It is well-settled that, where a court

11

scrupulously follows the requirements of Federal Rule of Criminal Procedure 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice").

Based upon the foregoing, Montejo cannot now allege that her guilty plea was not knowing and voluntary. The record reflects that Montejo knowingly and voluntarily signed the plea agreement and pleaded guilty. To the extent she now claims that she was unable to make an intelligent and informed decision as to whether to plead guilty, such claim fails.

## IV. CONCLUSION

As explained herein, Montejo's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. This action is **DISMISSED**.

Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

Because jurists of reason would not disagree with the resolution of Montejo's claims, the court **DENIES** a COA. However, Montejo may seek a COA from the Sixth Circuit.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE